**MODERN FINANCE COMPANY, Plaintiff-Appellee, v. REYNOLDS, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5225. Decided November 25, 1958.

Luther M. Long, Columbus, for plaintiff-appellee.
Raymond W. Kilbourne, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Municipal Court of Columbus decreeing the foreclosure of a certain chattel mortgage issued by the defendant-appellant, Inez Reynolds, to the plaintiff-appellee,

Modern Finance Company, as security for the payment of a promissory note issued by this defendant and one Oscar McCoy.

The cause is submitted to this court upon the separate findings of fact and conclusions of law found by the trial court which may be epitomized as follows:

(1) That on October 21, 1949, Modern Finance Company made a certain loan to one Oscar McCoy in the amount of $740.00; that the loan was acknowledged by a note of even date executed by the said McCoy and the defendant, Inez Reynolds, and at which time the said McCoy executed a certain chattel mortgage on his 1941 Buick automobile as security for his obligation under the note. Likewise, at the same time, the defendant, Inez Reynolds, executed a certain chattel mortgage to this plaintiff upon her household goods and furniture in order to secure her obligation under the aforesaid note. The foreclosure of her chattel mortgage is the subject of this litigation.

(2) That on or about November 14, 1951, McCoy consented to the plaintiff repossessing the Buick automobile for the purpose of sale and applying the proceeds against the indebtedness on the note.

(3) That the plaintiff notified the aforesaid McCoy that said Buick automobile would be offered for sale on the 24th day of November, 1951, for not less than $374.53, but which sale was not held because plaintiff believed said automobile would not sell for as much as $374.53; subsequent thereto, after receiving three bids upon said automobile of $15.00, $20.00 and $25.00, said plaintiff sold said automobile on the 4th day of March, 1952, to the highest bidder for $25.00, and the proceeds therefrom were credited to the aforesaid note.

(4) That this defendant, Inez Reynolds, was not notified of the proposed sale of the McCoy automobile on the 24th day of November, 1951, nor of the resulting sale on the 4th day of March, 1952.

(5) That on the 9th day of July, 1952, in case No. 358091, Municipal Court, a cognovit judgment in the amount of $382.14 was taken by the plaintiff on the aforesaid note against the makers thereof, McCoy and Inez Reynolds. That, subsequent thereto, McCoy made payments to the plaintiff on this judgment with the knowledge thereof of the defendant, Inez Reynolds.

(6) That this action is brought by the plaintiff against the defendant, Inez Reynolds, solely for the foreclosure of her chattel mortgage, the condition of which has been broken.

The court found in its conclusion of law that the chattel mortgage was valid in all respects; that the conditions therein had been broken, rendered absolute, and that the plaintiff was entitled to the balance due on the judgment and ordered the property described in the chattel mortgage sold and the proceeds applied.

The first assignment of error urges that the cognovit judgment, which is a deficiency judgment, is contrary to law for the reason that the plaintiff had failed to comply with the provisions of §1319.07 R. C., in that the plaintiff did not give the required ten-day notice to McCoy of the postponed date of sale of the Buick, and that the defendant herein never received any notice of the private sale of the Buick automobile. It is, therefore, contended that the deficiency cognovit judgment was

invalid. It is to be noted that McCoy is not a party to this proceeding; hence, his right to notice under this section will be given no consideration. The only question presented here is whether or not this defendant was entitled to the ten-day notice under §1319.07 R. C., when the Buick was repossessed and sold by the plaintiff.

An examination of the statute under consideration reveals that it requires only that notice be given to the mortgagor whose property is being seized and sold before a deficiency judgment may be taken. This defendant was not the mortgagor of the Buick automobile; hence, notice was not required to be given to her. The pertinent part of §1319.07 R. C., provides:

"* * *. This section does not apply if the mortgagee, * * *, gives at least ten days' written notice to the mortgagor, his executors, * * *."

The action herein is only for the foreclosure of the mortgage given by this defendant which was given to secure payment of the note upon which a cognovit judgment was rendered in case No. 358091, Municipal Court, and no deficiency judgment is sought in this action.

We, therefore, conclude that the statutory notice was not required to be given to the defendant prior to the seizure and sale of the Buick automobile.

It should also be noted that the defendant herein is now making a collateral attack upon the prior deficiency judgment which may not be done as the prior judgment, at most, could only be said to be voidable and not void.

It is said in **31 O. Jur. (2d), 710, Section 253:**

"In the absence of fraud, * * *. a judgment upon the merits, rendered by a court of competent jurisdiction, is a final determination or adjudication of the claims and rights of the parties; of the fact and amount of indebtedness and remedies of the parties; * * *, of questions which might have been litigated therein, but not of those matters which could not have been adjudicated therein. Such a judgment is conclusive and binding as between the parties and privies, though subject to vacation or modification, while the judgment remains in force—that is to say, unless an appeal has been taken, or until the judgment is reversed or set aside by a **direct proceeding for that purpose in a court of competent jurisdiction.**" (Emphasis ours.)

Therefore, if any attack is to be made upon the deficiency judgment, it must be by direct attack and not a collateral one.

The second assignment of error urges that there is error in the amount of judgment, contending that the plaintiff did not use due diligence to obtain a fair price of the Buick automobile. This requires a factual finding which was not made by the trial court and, having no Bill of Exceptions. we are not in a position to pass upon this alleged error. If the cognovit judgment was taken for more than the amount due, the attack should be made directly upon that judgment and not in this collateral proceeding.

We find no prejudicial error in the record and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.